(20 Misc. Rep. 700.)

KUNITZER v. CUMMINGS.

(City Court of New York, General Term. July 15, 1897.)

1. ACTION ON NOTE—COUNTERCLAIM—EVIDENCE.
   In an action on a note, where the answer sets up a counterclaim, plaintiff, under a general denial, can show that the claim mentioned was due to another and was paid.

2. SAME—PLEADING—REPLY.
   In an action on a note, where defendant sets up a counterclaim, a reply alleging that the claim was due to another, and was paid, need not allege accord and satisfaction.

3. SAME—EVIDENCE.
   Where, in an action on a note, the defendant sets up a counterclaim for board, alleging that she conducted a boarding house, plaintiff can put in evidence advertisements issued by another seeking for boarders at the place where defendant claimed to keep the house, and show by such boarders with whom they made their arrangements, and to whom they paid their bill.

Appeal from trial term.

Action by Robert Kunitzer against Minnie L. Cummings. Judgment for plaintiff. Defendant appeals. Affirmed.

Argued before VAN WYCK, C. J., and McCARTHY and SCHUCHMAN, JJ.

L. J. Morrison, for appellant.
Philip Carpenter, for respondent.

McCARTHY, J.　The defendant indorsed the note in suit for the benefit of her son-in-law, Arthur K. Thyll, and to give credit to such note, and the plaintiff then cashed the same.　Her answer herein alleges several counterclaims for board of plaintiff's family and friends by defendant.　Plaintiff denied such counterclaims under such general denial.　We think he proved that the claim for board embraced in such counterclaims was due to said Thyll, and was paid in full to him.　It was proper for the plaintiff, under the general denial, to show that the claims mentioned were due to another, and were paid. It was not necessary for him in his reply, as defendant contends, to allege accord, satisfaction, and payment of the counterclaims set up by the defendant.　By his general denial he denied the existence of the same, and showed by evidence, as he has a right to do, to whom the claims mentioned were due, and the settlement thereof later. For the same reason it was proper to put in evidence the advertisement issued by Thyll, seeking for boarders at the place wherein defendant claims she conducted an hotel or boarding house, and it was also proper to show by the testimony of the other boarders at the place in question with whom they made their arrangements for board, and to whom they paid their debt for such board.　Such testimony tended to corroborate plaintiff's testimony that Thyll, and not the defendant, was the hotel or boarding-house keeper.　We think that the record clearly shows that the note in suit was not paid by the defendant, and that the plaintiff was not indebted to her for board, but, on the contrary, such indebtedness was due Thyll, and was fully paid to him.　We have examined the record carefully, and find that no error was committed, and the judgment therefore must be affirmed, with costs.　All concur.